Mr. Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution. Your submission in this regard is substantially similar to the proposed popular name and ballot title I certified in Op. Att'y Gen. 2000-022, in the last election cycle, after a series of rejections in Ops. Att'y Gen.99-196 and 99-264. You have added an additional section to the text of your measure and now propose the following popular name and ballot title for the new measure:
 Popular Name INITIATIVE AND REFERENDUM PROCEDURE AMENDMENT Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF INITIATED CONSTITUTIONAL AMENDMENTS, INITIATED LAWS, ORDINANCES, OR REFERENDA FROM THE BALLOT FOR ANY REASON EXCEPT FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE LAWFULLY SPECIFIED TIME PERIOD; PRESERVING THE RIGHT TO CHALLENGE INITIATED AMENDMENTS, ACTS, OR ORDINANCES ON CONSTITUTIONAL GROUNDS OR BECAUSE PREEMPTED BY SUPERIOR LAW AFTER THEIR ADOPTION; PROVIDING THAT ANY CITIZEN INITIATED CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, SHALL BECOME EFFECTIVE IF THE NUMBER OF LEGAL VOTES CAST IN FAVOR OF THE CITIZEN INITIATED CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, OR REFERENDUM IS GREATER THAN THE NUMBER OF LEGAL VOTES CAST AGAINST THE CITIZEN INITIATED CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, OR REFERENDUM; REQUIRING ONLY THE POPULAR NAME AND PROPOSITION OR AMENDMENT NUMBER TO APPEAR ON OFFICIAL BALLOTS FOR STATEWIDE MEASURES; REQUIRING THE POPULAR NAME, ANY PROPOSITION NUMBER IF AND WHEN ASSIGNED, AND THE FULL TEXT OF THE PROPOSAL, TO BE PUBLISHED: 1) ON THE SECRETARY OF STATE'S OFFICIAL WEBSITE, WHEN AND AS AVAILABLE; 2) IN AT LEAST ONE NEWSPAPER OF BONA FIDE STATEWIDE CIRCULATION, AT PUBLIC EXPENSE, AS SOON AS POSSIBLE AFTER THE FILING OF THE PRIMA FACIE REQUIRED NUMBER OF SIGNATURES, AND 3) BY A SEPARATE PUBLICATION, MADE AVAILABLE TO THE VOTERS AT PUBLIC EXPENSE, AT COUNTY CLERK'S OFFICES AND BY STATEWIDE NEWSPAPER INSERT NOT LESS THAN ONE WEEK PRIOR TO THE ELECTION; AUTHORIZING THE INCLUSION, IN THIS SEPARATE PUBLICATION, OF OTHER INFORMATION REGARDING ISSUES OR CANDIDATES ON THE BALLOT, AS MAY BE AUTHORIZED BY THE GENERAL ASSEMBLY; REQUIRING NO OTHER PUBLICATION OTHER THAN THAT SET FORTH HEREIN; EMPOWERING THE ARKANSAS SUPREME COURT TO REFORM MANIFESTLY ERRONEOUS POPULAR NAME LANGUAGE IN CITIZEN INITIATED STATEWIDE BALLOT ISSUES, IF SUCH REFORMATION CAN BE EFFECTUATED IN TIME SO AS NOT TO INTERFERE WITH THE ORDERLY CONDUCT OF THE ELECTION AT WHICH THE ISSUE IS TO BE DECIDED; AUTHORIZING THE SUPREME COURT TO STRIKE INVALID SIGNATURES PREVIOUSLY APPROVED BY THE SECRETARY OF STATE ONLY ON PROOF THAT THE SIGNATURE(S) ARE FORGERIES; PROVIDING THAT NO PETITION SIGNATURE SHALL BE DEEMED INVALID BECAUSE OTHER SIGNATURES UPON THE PART ARE FROM VOTERS REGISTERED IN OTHER COUNTIES OF THE STATE, OR BECAUSE THE SIGNER REGISTERED TO VOTE ON OR AFTER THE DATE OF SIGNING THE PETITION, BUT BEFORE THE SUBMISSION OF THE PETITION SIGNATURES TO THE SECRETARY OF STATE; EXEMPTING PETITION SPONSORS WHO INTERVENE IN SUITS CHALLENGING THEIR PETITIONS FROM THE POSTING OF ANY BOND, OR ASSESSMENT OF ANY COSTS EXCEPT IN CASE OF SUBSTANTIAL AND WILFUL [WILLFUL] FRAUD ON THEIR PART; REQUIRING LIBERAL CONSTRUCTION IN FAVOR OF THE CITIZEN ACTIVIST, SEVERABILITY AND GENERAL REPEALER OF CONFLICTING LAWS; MAKING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, and in light of my previous certification in Op. Att'y. Gen. 2001-022, it is my conclusion that your proposed popular name should be approved as submitted. Minor changes in your proposed ballot title are necessary, however, to fully inform the voters of the effect of your measure. The following ballot title is hereby substituted:
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF INITIATED CONSTITUTIONAL AMENDMENTS, INITIATED LAWS, ORDINANCES, OR REFERENDA FROM THE BALLOT FOR ANY REASON EXCEPT FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE LAWFULLY SPECIFIED TIME PERIOD; PRESERVING THE RIGHT TO CHALLENGE INITIATED AMENDMENTS, ACTS, OR ORDINANCES ON CONSTITUTIONAL GROUNDS OR BECAUSE PREEMPTED BY SUPERIOR LAW AFTER THEIR ADOPTION; PROVIDING THAT ANY CITIZEN INITIATED CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, SHALL BECOME EFFECTIVE IF THE NUMBER OF LEGAL VOTES CAST IN FAVOR OF THE CITIZEN INITIATED CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, OR REFERENDUM IS GREATER THAN THE NUMBER OF LEGAL VOTES CAST AGAINST THE CITIZEN INITIATED CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, OR REFERENDUM; REQUIRING ONLY THE POPULAR NAME AND PROPOSITION OR AMENDMENT NUMBER TO APPEAR ON OFFICIAL BALLOTS FOR STATEWIDE MEASURES; REQUIRING THE POPULAR NAME, ANY PROPOSITION NUMBER IF AND WHEN ASSIGNED, AND THE FULL TEXT OF A STATEWIDE PROPOSAL TO BE PUBLISHED: 1) ON THE SECRETARY OF STATE'S OFFICIAL WEBSITE, WHEN AND AS AVAILABLE; 2) IN AT LEAST ONE NEWSPAPER OF BONA FIDE STATEWIDE CIRCULATION, AT PUBLIC EXPENSE, AS SOON AS POSSIBLE AFTER THE FILING OF THE PRIMA FACIE REQUIRED NUMBER OF SIGNATURES, AND 3) BY A SEPARATE PUBLICATION, MADE AVAILABLE TO THE VOTERS AT PUBLIC EXPENSE, AT COUNTY CLERK'S OFFICES AND BY STATEWIDE NEWSPAPER INSERT NOT LESS THAN ONE WEEK PRIOR TO THE ELECTION; AUTHORIZING THE INCLUSION, IN THIS SEPARATE PUBLICATION, OF OTHER INFORMATION REGARDING ISSUES OR CANDIDATES ON THE BALLOT, AS MAY BE AUTHORIZED BY THE GENERAL ASSEMBLY; REQUIRING NO OTHER PUBLICATION FOR STATEWIDE MEASURES OTHER THAN THAT SET FORTH HEREIN; EMPOWERING THE ARKANSAS SUPREME COURT TO REFORM MANIFESTLY ERRONEOUS POPULAR NAME LANGUAGE IN CITIZEN INITIATED STATEWIDE BALLOT ISSUES, IF SUCH REFORMATION CAN BE EFFECTUATED IN TIME SO AS NOT TO INTERFERE WITH THE ORDERLY CONDUCT OF THE ELECTION AT WHICH THE ISSUE IS TO BE DECIDED; AUTHORIZING THE SUPREME COURT TO STRIKE INVALID SIGNATURES PREVIOUSLY APPROVED BY THE SECRETARY OF STATE ON STATEWIDE MEASURES ONLY ON PROOF THAT THE SIGNATURE(S) ARE FORGERIES; PROVIDING THAT NO PETITION SIGNATURE SHALL BE DEEMED INVALID BECAUSE OTHER SIGNATURES UPON THE PART ARE FROM VOTERS REGISTERED IN OTHER COUNTIES OF THE STATE, OR BECAUSE THE SIGNER REGISTERED TO VOTE ON OR AFTER THE DATE OF SIGNING THE PETITION, BUT BEFORE THE SUBMISSION OF THE PETITION SIGNATURES TO THE SECRETARY OF STATE; EXEMPTING PETITION SPONSORS WHO INTERVENE IN SUITS CHALLENGING THEIR PETITIONS FROM THE POSTING OF ANY BOND, OR ASSESSMENT OF ANY COSTS EXCEPT IN CASE OF SUBSTANTIAL AND WILLFUL FRAUD ON THEIR PART; REQUIRING LIBERAL CONSTRUCTION IN FAVOR OF THE CITIZEN ACTIVIST, SEVERABILITY AND GENERAL REPEALER OF CONFLICTING LAWS; MAKING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
Enclosures